IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SANDRA URICH, et al.,

                Plaintiffs,

v.                                          CIVIL ACTION NO.  2:10-cv-00330

MYLAN, INC., et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendants' Motion to Transfer Pursuant to 28 U.S.C. § 1404 [Docket 21].  The Motion is **GRANTED**.  The court **ORDERS** that this case be transferred to the Southern District of Indiana.

**I. Background**

This case presents an issue this court recently addressed by this court in nearly identical litigation.  See *Sanner v. Mylan*, No. 2:10-cv-166 (S.D. W. Va. August 19, 2010); *Arnett v. Mylan*, No. 2:10-cv-114 (S.D. W. Va. August 13, 2010); *Gardner v. Mylan*, No. 2:09-cv-1289 (S.D. W. Va. June 24, 2010); *Leonard v. Mylan*, No. 2:09-cv-1160 (S.D. W. Va. June 21, 2010).  In those cases, these same defendants sought a 28 U.S.C. § 1404(a) transfer, which I granted.  The transfer issues in this case are indistinguishable from those in *Sanner*, *Arnett*, *Gardner*, and *Leonard*.  Transfer is therefore warranted.

        A. *Facts*

According to the Complaint, the plaintiff, Sandra Urich, is the surviving spouse and representative of the estate of John Urich. She claims Mr. Urich died of fentanyl overdose while using a Mylan Fentanyl Transdermal System patch (the "patch") prescribed by his doctor. The patch administers the pain drug fentanyl through the skin.

Ms. Urich resides in Indianapolis, Indiana, which is located in the Southern District of Indiana. Mr. Urich was prescribed the patch by his physician in Indianapolis, filled his prescription at a local pharmacy, and subsequently died there.

B. *Procedural History*

Ms. Urich, representing her late husband's estate and all of his wrongful-death beneficiaries, has sued the patch manufacturers for wrongfully causing Mr. Urich's death. She has asserted claims for strict products liability, negligence, negligent misrepresentation, and breach of warranty. She also alleges the defendants were wanton, willful, and reckless.

The defendants filed the motion to transfer on August 2, 2010. The plaintiffs filed a response on August 12, 2010, and the defendants replied on August 16, 2010.

**II. Standard**

The defendants seek transfer pursuant to 28 U.S.C. § 1404(a). That statute authorizes a district court to transfer a case to another judicial district "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

In deciding whether to transfer a case under § 1404(a), a court must first determine whether the action "might have been brought" in the transferee district. If so, then the court should consider several private- and public-interest factors: the ease of access to evidence; the convenience of the

parties and witnesses; the cost of obtaining the attendance of witnesses; the availability of compulsory process; the possibility of a view; the interest in having local controversies decided at home; and the overriding interests of justice. *Vass v. Volvo Trucks, N. Am., Inc.*, 304 F. Supp. 2d 851, 857 (S.D. W. Va. 2004). The party seeking transfer carries the burden of showing that the current venue is inconvenient. *N.Y. Marine & Gen. Ins. Co. V. Lafarge N. Am., Inc.*, 599 F.3d 102, 113-14 (2d Cir. 2010). The plaintiff's choice of forum is accorded great weight. *Piper Aircraft Co. V. Reyno*, 454 U.S. 235, 255 (1981).

### III. Discussion

Considering the § 1404(a) factors, this case should be tried in the Southern District of Indiana, not the Southern District of West Virginia. First, this case could have originally been brought there, as subject-matter and personal jurisdiction, as well as venue, are all proper in that district. Second, the private- and public-interest factors favor transfer. Regarding the private-interest factors, all relevant facts in this case occurred outside West Virginia. The majority of witnesses — witnesses such as law enforcement officers, medical examiners and toxicologists, as well as Mr. Urich's medical providers — are in Indiana. Evidence regarding Mr. Urich's medical history and the circumstances surrounding his death will be found in Indiana as well. Conversely, no evidence will be found in the Southern District of West Virginia. Because the majority of witnesses are located in Indiana, the Southern District of Indiana would be a more convenient forum.

As for the public-interest factors, Indiana has a strong interest in having this case litigated locally. Indiana's interests include having one of its citizen's rights vindicated, as well as protecting its other citizens from potentially harmful pharmaceutical drugs. Conversely, West Virginia's interests in this case are few, if it has any interests at all.

Justice is best served by having this case proceed in the Southern District of Indiana.  The plaintiff's choice of forum is substantially outweighed by the fact that absolutely no facts of significance in this case occurred in this district.  Transfer is necessary to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

**IV. Conclusion**

For the forgoing reasons, the Motion to Transfer [Docket 20] is **GRANTED**.  This case shall be **TRANSFERRED** to the United States District Court for the Southern District of Indiana.  The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:       August 23, 2010

Joseph R. Goodwin, Chief Judge